No. 26-2473

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION
and METROPOLITAN FAMILY SERVICES,

*Plaintiffs-Appellants,*

v.

UNITED STATES DEPARTMENT OF EDUCATION and LINDA MCMAHON,

*Defendants-Appellees.*

---

On Appeal from the United States District Court for the Northern District of Illinois
No. 1:25-cv-15704 (Honorable Martha M. Pacold)

---

## APPELLANTS' MOTION TO EXPEDITE APPEAL

---

Jocelyn (Josie) E. Skinner (*pro hac vice*)
Emily K. Merolli (*pro hac vice*)
SLIGO LAW GROUP, PLLC
1717 K St. NW, Suite 900
Washington, DC 20006
Telephone: (202) 888-2084

Scott C. Solberg (No. 6204487)
Elizabeth M. Hady (No. 6316542)
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718

Aneel L. Chablani (No. 6242658)
Michael R. Ortega (No. 6339469)
CHICAGO LAWYERS' COMMITTEE
FOR CIVIL RIGHTS
25 E. Washington St., Suite 1300
Chicago, IL 60602
Telephone: (312) 630-9744
Fax: (312) 630-1127

*Attorneys for Plaintiffs-Appellants
Afterschool for Children and Teens
(ACT) Now and Metropolitan Family
Services*

1

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27, Plaintiffs-Appellants Afterschool for Children and Teens (ACT) Now and Metropolitan Family Services ("Appellants") respectfully move this Court to expedite briefing of this appeal. In particular, Appellants request that their opening brief be due 10 days after the Court's ruling on this motion; that Appellees' response brief be due 14 days thereafter; and that Appellants' reply brief be due 7 days thereafter.[1] In support of this motion, Appellants state as follows:

**INTRODUCTION**

This is an appeal from the denial of Appellants' motion for a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1). Appellants operate two federal education grant programs totaling $18 million per year that provide support services to students throughout Illinois. On June 30, 2026, just four days after the denial of their motion for a preliminary injunction, Appellants lost access to all funding. Appellants therefore seek expedited briefing to mitigate the ongoing and undisputed irreparable harm being wrought upon the 19,000 students who rely on Appellants to provide basic needs and academic support to succeed in school. The school year begins next month, and an expedited briefing schedule from this Court will quicken Appellants' path to meaningful relief pending the litigation.

---

[1] Counsel for Appellants contacted counsel for Appellees on July 12, 2026. Counsel stated that Appellees oppose this motion.

## BACKGROUND

Appellants were awarded two five-year grants in 2023 by the Department of Education to operate Full-Service Community Schools (FSCS) programs. (Decl. of Susan Stanton, Dkt. 49-1 at ¶¶ 18, 20 (Apr. 30, 2026).)[2] ACT Now began funded programming under the FSCS grant in 2024, was approved for continued funding for 2025 based on its program performance, and is eligible for continued funding each year through 2028. (*Id.* at ¶ 21.) Through these programs, ACT Now partners with schools to identify barriers to student success and meet community-specific needs to support students and families, providing such services as on-site food assistance, aftercare and tutoring, mental and behavioral health services, and transportation for internships. (*Id.* at ¶ 28.)

In its first two years under these grants, ACT Now met or exceeded every performance benchmark set by the Department, including cutting chronic absenteeism at partner schools at more than double the statewide rate. (*Id.* at ¶¶ 31–32.) Despite this success, the Department issued two notices on December 12, 2025, informing Appellants that the funding for these grants would not be continued. (Notices of Non-Continuation, Dkt. 3-7 (Dec. 29, 2025).) The only basis given for its decision was a few statements from ACT Now's initial grant application in which it described the organization's mission and values around equity and inclusion,

---

[2] Because the appellate record has not be compiled yet, Appellants cite the district court's docket in the underlying litigation captioned as *Afterschool for Children and Teens Now (ACT Now) Coalition and Metropolitan Family Services v. U.S. Department of Education and Linda McMahon*, No. 1:25-cv-15704 (N.D. Ill.).

including descriptions of organization activities that demonstrated ACT Now's history of effective program coordination and its capacity to provide required FSCS services. (*Id.* at 2, 5.) The language relied on by the Department did not reflect any specific proposed grant activities, nor did it reflect any activities actually carried out with FSCS funds, and the Department cited no issues with ACT Now's performance of FSCS-funded program activities.

On December 29, 2025, Appellants moved for a temporary restraining order and filed their complaint, alleging that Appellees' discontinuation of the grants violated the Administrative Procedure Act and the First and Fifth Amendments. (Compl., Dkt. 1 (Dec. 29, 2025); Mot. for T.R.O., Dkt. 5 (Dec. 29, 2025).) Following a three-hour hearing on New Year's Eve, the district court denied Appellants' motion for a temporary restraining order based upon representations by the Department of its willingness to discuss possibilities for temporary continued funding for Appellants. (Minute Entry, Dkt. 11 (Dec. 31, 2025); Tr. at 56:20–25 (Dec. 31, 2025).) The parties subsequently negotiated an agreement to allow Appellants' access to carry-over funding through June 30, 2026, and proceeded to litigate Appellees' motion to dismiss and Appellants' motion for a preliminary injunction. (Minute Entry, Dkt. 26 (Mar. 5, 2026); Mot. to Dismiss, Dkt. 28 (Mar. 16, 2026); Mot. for Prelim. Inj., Dkt. 46 (Apr. 30, 2026).)

At a preliminary injunction hearing on June 8, 2026, Appellants presented five witnesses and sixteen supporting declarations describing, without contradiction, the concrete and mounting harm a funding lapse would cause. (Minute Entry, Dkt. 54

(June 8, 2026); Decls., Dkt. 49-1–49-21 (Apr. 30, 2026).) On June 26, 2026, four days before Appellants' funding lapsed, the district court issued simultaneous rulings on the motion to dismiss and motion for a preliminary injunction. (Order, Dkt. 60 (June 26, 2026); Order, Dkt. 62 (June 26, 2026).) The court dismissed all but Plaintiffs' First Amendment claims on jurisdictional grounds, then denied preliminary relief on those claims. (Order, Dkt. 60 at 1.) This is an appeal from the district court's denial of Appellants' motion for a preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1).[3]

## ARGUMENT

This Court has granted expedited briefing where urgent, time-sensitive circumstances make the normal briefing schedule inadequate, such as where the moving party is suffering ongoing irreparable harm pending the appeal, *see, e.g., Protect Our Parks, Inc. v. Buttigieg*, 10 F.4th 758, 765 (7th Cir. 2021) (granting motion to expedite briefing where appeal challenged active, ongoing construction of Obama Presidential Center), or where fundamental constitutional rights are at stake, *see Elim Romanian Pentecostal Church v. Pritzker*, No. 20-1811, 2020 WL 2517093, at *1 (7th Cir. May 16, 2020) (granting motion to expedite briefing in appeal challenging governor's restriction on religious gatherings during Covid-19 pandemic).

Here, expedited briefing is warranted because the ordinary appellate schedule would prolong, not merely delay resolution of, the irreparable harm Appellants are suffering. Under the standard briefing schedule, this appeal could take many months

---

[3] Because the district court dismissed some, but not all, of Appellants' claims, Appellants are not challenging the district court's ruling on the motion to dismiss at this time. However, Appellants expressly reserve their right to do so in a subsequent appeal.

to reach a decision—time during which the critical gap ACT Now's program services filled continues to deepen as students and families prepare for another school year. (*See, e.g.,* Decl. of Susan Stanton, Dkt. 49-1 at ¶ 36.) Unlike harms that can be remedied by a later damages award or reinstated funding, the harm here compounds daily and becomes less reversible with each passing week: staff who are laid off take other jobs, partner schools that lose services make other arrangements, and an organization that dissolves cannot simply be reconstituted once an appellate mandate issues. (*See, e.g., id.* at ¶¶ 40–43.) Expediting the briefing schedule shortens the period during which that harm accrues and increases the likelihood that any relief this Court ultimately grants will still be capable of restoring Appellants to their position before the Department's non-continuation decision, rather than arriving only after the underlying program has already ceased to exist.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court grant this motion, expedite briefing of this appeal, and adopt the proposed briefing schedule set forth above.

Dated: July 15, 2026

Respectfully submitted,

*/s/ Jocelyn Skinner*

Jocelyn (Josie) E. Skinner (*pro hac vice*)
Emily K. Merolli (*pro hac vice*)
SLIGO LAW GROUP, PLLC
1717 K St. NW, Suite 900
Washington, DC 20006
Telephone: (202) 888-2084

*/s/ Scott C. Solberg*

Scott C. Solberg (No. 6204487)
Elizabeth M. Hady (No. 6316542)
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718

*/s/ Aneel Chablani*

Aneel L. Chablani (No. 6242658)
Michael R. Ortega (No. 6339469)
CHICAGO LAWYERS' COMMITTEE
FOR CIVIL RIGHTS
25 E. Washington St., Suite 1300
Chicago, IL 60602
Telephone: (312) 630-9744
Fax: (312) 630-1127

*Attorneys for Plaintiffs-Appellants*
*Afterschool for Children and Teens*
*(ACT) Now and Metropolitan Family*
*Services*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,299 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(l)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 12-point font using Microsoft Word for Microsoft 365.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on July 15, 2026, the foregoing document was electronically field with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. The undersigned certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Scott C. Solberg*
Scott C. Solberg