IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 26-2473

| | | |
|---|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, | ) ) ) ) | |
| | ) | Appeal from the United States District Court for the Northern District of Illinois. |
| Plaintiff-Appellants, | ) ) | |
| | ) | |
| v. | ) ) | No. 25 C 15704 |
| U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON in her official capacity as Secretary, U.S. Department of Education, | ) ) ) ) ) | Martha M. Pacold, Judge. |
| | ) | |
| Defendants-Appellees. | ) | |

## APPELLEES' RESPONSE TO MOTION TO EXPEDITE APPEAL

Defendants-appellees, by their undersigned attorneys, oppose appellants' motion to expedite appeal and in support state as follows:

1. Plaintiffs-appellants Afterschool for Children and Teens (ACT) NOW and Metropolitan Family Services ask the court to expedite this appeal from the district court's denial of preliminary injunction motion and argue that without such relief, they will suffer irreparable harm. But appellants said in the district court that they needed relief by June 30, so their claims of urgency now ring hollow. Moreover, even if appellants were to prevail on the merits of this appeal, they would still not be entitled to the continued funding they claim is needed to address their harm. Thus, as explained below, there is no justification to expedite this appeal.

2.      Appellants initially sought emergency relief from the district court in December 2025, following the Department of Education's decision to discontinue federal education grant funding for appellants for the 2026 fiscal year. Dkt. 5-6.[1] The parties agreed to continue federal funding on a limited basis until June 30, 2026, which would allow appellants to complete their ongoing federally-funded education programs for the 2025-26 school year and to provide the district court sufficient time to resolve appellants' request for preliminary injunctive relief.  Dkt. 48.  Appellants understood that absent emergency relief from the district court by June 30, 2026, its federal funding would end.[2]

3.      Understanding this June 30, 2026 deadline, appellants made clear in their preliminary injunction motion that injury from the government's 2025 decision to discontinue funding had already begun and that this harm would be completed and irreparable by July 1, 2026, absent emergency relief.  Appellants explained that since the non-continuation decision in December 2025, they had already begun losing staff and eliminating programming that was federally funded and that after June 30, 2026, when their funding terminated, they would "immediately shutter programs and terminate staff" and would terminate contracts with partner organizations.  Dkt. 48 at 24-26.  Therefore, according to appellants' statements to the district court, these programs have already been shut down and staff have already been terminated.

---

[1] Because the appellate record has not been compiled yet, appellees cite the district court's docket in the underlying litigation captioned as *Afterschool for Children and Teens Now (ACT Now) Coalition and Metropolitan Family Services v. U.S. Department of Education and Linda McMahon,* No. 25-C-15704 (N.D. Ill.).

[2] Appellants' grant ended on June 30, 2026.

Moreover, appellants made clear that even if their grants were later restored, "the programs would not simply return to their prior state but would instead need to be rebuilt from the ground up" and "this would take months or years." *Id.* at 25.

4.      Accordingly, expediting the briefing schedule in this appeal would not prevent or minimize appellants' alleged irreparable harm because the consequence of denial of preliminary relief has already occurred. This consequence, however, did not occur before appellants received a full and fair opportunity to brief and argue their claims for six months before the district court. This opportunity included two rounds of emergency briefing, two oral arguments, and a full evidentiary hearing with multiple witnesses.

5.      Additionally, any ultimate relief from this court by overturning the district court's denial of the preliminary injunction motion would still not afford appellants the remedy they seek to address their harm. As the district court recognized in its opinion, the ultimate relief appellants seek in this case is payment; that is, continued funding under its federal grants. Dkt. 60 at 13. (reinstating the grant is "precisely what plaintiffs request in this case.").[3] It is for this reason that the district court rejected most of appellants' claims, finding that jurisdiction to resolve such claims belongs in the Court of Federal Claims. *Id.* at 9-21; Dkt. 62 at 3.

6.      However, the district court also made clear that even if it had jurisdiction over such claims and appellants prevailed, they would not be entitled to

---

[3] These statements are contained in the district court's opinion granting, in part, defendants' motion to dismiss (Dkt. 60), but this opinion was incorporated into and supported the court's opinion denying the preliminary injunction motion (Dkt. 62).

continued grant funding under its discontinued grants. At most, appellants would be entitled to a district court order directing the agency to issue a new decision on whether to continue appellants' grant funding without relying on any improper reasons. Dkt. 60 at 27 (describing the relief available as an injunction directing agency to issue a new decision on continuation funding without relying on any improper basis and noting the new funding decision by the agency may not result in continued funding since the funding termination may be justified under the terms of the grant). Such relief would not be immediate and may not result in any future funding at all.

7. For these reasons, this court should deny the motion for expedited briefing and allow full and complete briefing in this case.

WHEREFORE, appellees request appellants' motion to expedite appeal be denied.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Patrick Johnson
PATRICK JOHNSON
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov


By: s/ Thomas Cull
THOMAS CULL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
thomas.cull@usdoj.gov

## Certificate of Service

I hereby certify that on July 20, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Patrick Johnson
PATRICK JOHNSON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5327
patrick.johnson2@usdoj.gov

s/ Thomas Cull
THOMAS CULL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
thomas.cull@usdoj.gov